KUFEL *v.* CHOPCINSKI, EXECUTOR, ET AL.

[Cite as Kufel v. Chopcinski (1971), 29 Ohio Misc. 61.]

(No. 72832—Decided May 28, 1971.)

Common Pleas Court of Lorain County.

*Mr. Ronald Gordon* and *Mr. Everett Davidson,* for plaintiff.

*Helen Bransztet Mikus,* for defendant.

WEBBER, J. (by assignment). This case is submitted to the court on an agreed statement of facts which are briefly as follows: Mary Chopcinski died testate on July 8, 1967, and her last will and testament was filed in Probate Court of Lorain County within a few days thereafter. On October 30, 1968, Helen Kufel, one of the heirs of Mary Chopcinski estate, filed a partition action in the Court of Common Pleas, Lorain County, Case No. 73832. On October 31, 1968, approximately a year and four months after the appointment of the executor of the estate of Mary Chopcinski, said executor entered into an agreement to sell the real estate to one of the heirs to-wit: Eugene Chopcinski for the sum of $12,500.00. The deed for the sale of the property was filed in February, 1970.

The question of law involved is, "Does the right of the executor to sell under the authority of the last will and testament supercede the right of a legatee under the will to bring an action in partition and, if so, for how long and

under what circumstances?" There appears to be no Ohio case law directly in point.

In reading R. C. 5307.03, it would appear that the right of the executor to sell under the will is paramount to the right of partition within one year from the date of appointment of the executor. Quoting from R. C. 5307.03 we find the following:

"When the title to such estate came to such person by descent or devise upon the death of an inhabitant of this state, a partition thereof shall not be ordered by the court within one year from the date of the death of such decedent, *unless the petition sets forth and is proved that all claims against the estate of such decedent have been paid, or secured to be paid, or that the personal property of the deceased is sufficient to pay them.*

It is alleged and admitted there are no claims against the estate.

Therefore, it would appear that in some instances, at least, a right to partition would exist in less than one year. However, in this case *more* than one year has elapsed and therefore, the plaintiff is entitled to the right of partition. Therefore, the entry of partition may be prepared and the questions of rental or any other issues will be reserved until time of the order of distribution.